RECEIVED
IN LAFAYETTE, LA.

MAY 2 7 2010

TONY R. MOORE, CLERK
BY _____
DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

NINA PETERS, ET AL.                    DOCKET NO. 09-CV-1558

VERSUS                                 JUDGE HAIK

FEDERAL EXPRESS CORP.                  MAGISTRATE JUDGE HILL

## REASONS FOR JUDGMENT

Before the Court is Defendant Federal Express Corp.'s Motion to Dismiss [Doc. #5] filed on December 10, 2010. For the reasons the follow, Defendant's motion is GRANTED in part.

Facts and Procedural Background

Plaintiffs Peters, Preis, Smith, Frank, Jeanlouis, and Angelle, filed the captioned lawsuit on October 8, 2009, on behalf of themselves and on behalf of a class of plaintiffs similarly situated. Plaintiffs alleged a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). All plaintiffs were allegedly employed at a Lafayette, Louisiana FedEx facility. Plaintiffs present, in a lengthy complaint, numerous claims of widespread racial discriminatory employment practices by Fed Ex, a racially hostile work environment, and retaliation. The plaintiffs have alleged racial discrimination through FedEx's failure to promote to full-time and management, failure to promote in general, discriminatory discipline, discriminatory termination, discrimination in compensation, and insufficient training.

Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. #5] Defendant argues that dismissal is appropriate because Plaintiffs (1) failed to exhaust the mandatory administrative requirements to pursue class and individual claims under Title VII and state law; (2) failed to plead a disparate impact theory; (3) Plaintiffs failed to state a claim for discipline, harassment and retaliation on a class-wide basis because commonality and typicality

cannot be established; (4) failed to state a claim that they have standing to pursue class claims; and (5) individual claims under both Title VII and state law cannot be pursued because of their failure to exhaust Title VII's administrative requirements, and they also failed to state enough facts to demonstrate any entitlement to relief.

On January 28, 2010, Plaintiffs filed a "Response to Defendant's Motion to Dismiss" stating that they "intend to seek leave of court to file an amended complaint that will moot many of the issues raised in defendant's motion." [Doc. #14, p.2]  Plaintiffs also presented a list of issues that would be cured through some future amended complaint: class representatives would be modified; class-wide race discrimination claims would be presented under Title VII of the Civil Rights Act of 1964 and state law; individual claims for retaliation, hostile work environment, and termination would be outlined on behalf of named class representatives; the amended complaint would not include such claims on behalf of unnamed class members which would instead be bought in separate individual complaints; the amended complaint will present a narrower statement of Plaintiffs' allegations.

On February 9, 2010, Defendant filed a reply to Plaintiff's response.  Defendant points out that Plaintiffs only responded to one of the many grounds provided in its motion to dismiss. Defendant also noted that Plaintiffs never filed an amended complaint; but, regardless, the deficiencies could not be cured by amendment.

Law and Analysis

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Jackson v. City of Beaumont Police Dept., 958 F.2d 616, 618 (5th Cir.1992)(quoting Barrientos v.

2

Reliance Standard Life Ins. Co., 911 F.2d 1115, 1116 (5th Cir.1990), *cert. denied*, 498 U.S. 1072 (1991). In order to survive dismissal, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face and must plead those facts with enough specificity to raise a right to relief ***above the speculative level***. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009). A complaint need not contain detailed factual allegations, but **the plaintiff must allege more than labels and conclusions** and must present more than a formulaic recitation of the elements. See Bee Atlantic Corp. v. Twombly, 550 U.S. at 555. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. See In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir.2007), *cert. denied sub nom.*

Here, Plaintiffs claim they were denied full-time positions. However, no factual assertions identifying any specific instances of discrimination as to the alleged denial were asserted. Plaintiffs failed to provide a date or time period during which the alleged denials took place, the name of the person who allegedly made the discriminatory decision, or the name of the Caucasians who were allegedly promoted to full-time positions despite having less experience. Certain plaintiffs are alleged to have been denied managerial positions, yet they do not provide any dates on which they sought positions, when they were rejected, or who received the promotion. Likewise, only a conclusory allegation is presented of unequal compensation; no factual allegations were pled. While some of the plaintiffs claim they were subjected to age discrimination, they do not provide any factual allegations related thereto. As to the claim of disparate impact, Plaintiffs provide only

3

conclusory statements as opposed to factual allegations.

As for Plaintiffs' purported class action, Defendant argues, and Plaintiff has not disputed, that the Plaintiffs did not present a class-wide claim through the mandatory administrative process. Under Title VII a plaintiff must exhaust administrative remedies before pursuing claims in federal court. See Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002). While Plaintiffs allege that they properly exhausted individually, there is no allegation that they properly sought administrative review of any class-wide claims or disparate impact claim.

Defendant argues, and Plaintiffs do not dispute, that at least some of the plaintiffs are time-barred from filing suit because they did not timely pursue administrative claims. Additionally, although there is a conclusory allegation thereof, the Complaint fails to identify any "system" or "policies and practices" that could possibly support a disparate impact claim. Finally, Plaintiffs have not alleged that any one of them has standing to serve as a class representative.

Although the plaintiffs claimed that the defects in the complaint could be cured through amendment, no amended complaint was ever filed. Furthermore, it is evident to the court that an amended complaint could not cure all of the grounds for dismissal raised by the defendant.

Therefore, the Plaintiffs' Complaint is hereby **DISMISSED without prejudice** to filing individual claims after properly completing the mandatory administrative process, which is a prerequisite to filing suit under Title VII.

Thus done and signed at Lafayette, Louisiana, this 25 day of May, 2010.

RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE